# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Maliaka S. Void and Frederick Summers, ) | Civil Action No. 5:14-cv-02157-JMC |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| Orangeburg County Disabilities and ) | **ORDER AND OPINION** |
| Special Needs Board, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiffs Maliaka S. Void ("Void") and Frederick Summers ("Summers") (collectively "Plaintiffs") filed this action against their employer, Defendant Orangeburg County Disabilities and Special Needs Board ("OCDSNB"), alleging violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219, and the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. §§ 41-10-10 to -110 (Supp. 2011).  (ECF No. 1 at 4–7.)

This matter is before the court on OCDSNB's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(c), on the grounds that (1) Plaintiffs' FLSA claim is barred by Eleventh Amendment sovereign immunity and, as a result, the court lacks subject matter jurisdiction and (2) their SCPWA claim is preempted by the FLSA.  (ECF No. 9.)  Plaintiffs filed opposition to the Motion to Dismiss asserting in part that OCDSNB waived sovereign immunity.  (ECF No. 19.)  For the reasons set forth below, the court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss.

## I. RELEVANT BACKGROUND TO PENDING MOTION

OCDSNB "is the administrative, planning, coordinating, and service delivery body" for Orangeburg County, South Carolina citizens with "disabilities and special needs," including those with "mental retardation, related disabilities, head injuries, and spinal cord injuries."  (ECF

No. 9-1 at 1–2 (quoting S.C. Code Ann. § 44-20-385 (2014); citing <u>Hedberg v. Darlington Cnty. Disabilities & Special Needs Bd.</u>, No. 95-3049, 1997 WL 787164, at *1 n.1 (4th Cir. Dec. 24, 1997)).) Plaintiffs are hourly employees of OCDSNB. (ECF No. 1-1 at 5 ¶ 15.)

On or about May 2, 2014, Plaintiffs filed an action in the Orangeburg County (South Carolina) Court of Common Pleas seeking monetary damages for alleged violations of the FLSA (Count 1) and SCPWA (Count 2). (<u>Id.</u> at 4–7.) On June 4, 2014, OCDSNB removed the matter to this court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1132(e). (ECF No. 1.) Specifically, OCDSNB asserted removal was appropriate "[b]ecause this matter involves a claim for money under federal laws and regulations . . ." pursuant to the FLSA. (<u>Id.</u> at 2 ¶ 3.) After removing the matter, OCDSNB filed an Answer on June 4, 2014, an Amended Answer on June 25, 2014, and the aforementioned Motion to Dismiss also on June 25, 2014. (ECF Nos. 4, 8, 9.) In response to OCDSNB's Motion to Dismiss, Plaintiffs filed a Memorandum and Response to Defendant's Motion to Dismiss on July 23, 2014, to which OCDSNB filed a Reply in Support of Motion to Dismiss on August 4, 2014. (ECF Nos. 19, 20.)

Thereafter, on November 11, 2014, the court held a hearing to allow the parties to orally present their positions on the pending Motion to Dismiss. (ECF No. 30.)

## II.     LEGAL STANDARD

A.     <u>Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)</u>

A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." <u>Pinkley, Inc. v. City of Fredrick, Md.</u>, 191 F.3d 394, 399 (4th Cir. 1999). Unless a matter involves an area of a federal court's exclusive

2

jurisdiction, a plaintiff may bring suit in federal court only if the matter involves a federal question arising "under the Constitution, laws or treatises of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states," 28 U.S.C. § 1332(a)(1).  In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id. (citation omitted).  "[W]here a party challenges the subject matter jurisdiction of the court on the grounds that the party is an arm of the state entitled to sovereign immunity, the burden of persuasion lies with the party asserting the immunity."  Hutto v. S.C. Ret. Sys., 899 F. Supp. 2d 457, 466 (D.S.C. 2012) (citing Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 237 (2d Cir. 2006)).

B.     Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint."  Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

3

A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

C.      Motions for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Id. A motion for judgment on the pleadings is intended to test the legal sufficiency of the complaint and will operate to dispose of claims "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noted facts." Cont'l Cleaning Serv. v. UPS, No. 1:98CV1056, 1999 WL 1939249, at *1 (M.D.N.C. Apr. 13, 1999) (citing Herbert Abstract v. Touchstone Props., Inc., 914 F.2d 74, 76 (5th Cir. 1990)). "[A] motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)."[1] Deutsche Bank Nat'l Trust Co. v. IRS, 361 F. App'x 527, 529 (4th Cir.

---

[1] "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; "importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999) (citing Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). "The Rule

4

2010) (citing Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009)); see also Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)); Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009).

D.     Eleventh Amendment Immunity

The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. Though not explicitly stated in the language of the amendment, courts have long held that this guarantee also protects a state from federal suits brought by its own citizens, not only from suits by citizens of other states. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). "The ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in federal court." Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). Sovereign immunity under the Eleventh Amendment "is concerned not only with the States' ability to withstand suit, but with their privilege not to be sued" in the first instance. Alabama v. North Carolina, 560 U.S. 330, 362 (2010) (quoting P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 147, n.5 (1993)). Accordingly, once the defendant raises the jurisdictional issue of immunity, the court

---

12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact." Wheeling Hosp., Inc. v. Ohio Valley Health Servs. and Educ. Corp., C/A No. 5:10CV67, 2010 WL 4977987, at *4 (N.D. W. Va. Dec. 2, 2010) (citing 5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998)). The key difference between a Rule 12(b)(6) motion and a Rule 12(c) motion is "that on a 12(c) motion, the court is to consider the answer as well as the complaint." Fitchett v. Cnty. of Horry, S.C., C/A No. 4:10-cv-1648-TLW-TER, 2011 WL 4435756, at *3 (D.S.C. Aug. 10, 2011) (quoting Cont'l Cleaning Serv., 1999 WL 1939249, at *1); see also A.S. Abell Co. v. Balt. Typographical Union No. 12, 338 F.2d 190, 193 (4th Cir. 1964).

must resolve this threshold matter prior to addressing the merits of the plaintiff's claims. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998) (extensively discussing the importance of establishing proper jurisdiction before considering the merits of a claim).

The ultimate question for the purposes of the Eleventh Amendment immunity is whether the state is a real, substantial party in interest. Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 101 (1984). Therefore, when an instrumentality or agent of the state, named as a defendant in a case, seeks to take advantage of the state's Eleventh Amendment immunity, it becomes necessary to examine the relationship between the state and the entity being sued to determine whether it should be considered an arm of the state. Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997).

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has articulated a non-exclusive list of four (4) factors (the "Immunity Factors") to be considered when determining whether or not a state-created entity is an arm of the state, and thus protected from suit by the Eleventh Amendment. S.C. Dept. of Disabilities and Special Needs v. Hoover Univ. Inc., 535 F.3d 300, 303 (4th Cir. 2008). The Immunity Factors are: (1) whether any judgment against the entity as defendant will be paid by the State or whether any recovery by the entity as plaintiff will inure to the benefit of the State; (2) the degree of autonomy exercised by the entity, including such circumstances as who appoints the entity's directors or officers, who funds the entity, and whether the State retains a veto over the entity's actions; (3) whether the entity is involved with State concerns as distinct from non-state concerns, including local concerns; and (4) how the entity is treated under state law, such as whether the entity's relationship with the State is sufficiently close to make the entity an arm of the State. Id. (internal citations and alterations omitted). See also U.S. ex rel. Oberg v. Ky. Higher Educ.

6

Student Loan Corp., 681 F.3d 575, 580 (4th Cir. 2012); Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005); Ram Ditta v. Md. Nat'l Capital Park & Planning Comm'n, 822 F.2d 456 (4th Cir. 1987).

### III.    ANALYSIS

A.    The Parties' Positions Regarding the Motion to Dismiss

   *1. OCDSNB*

In its Motion to Dismiss, OCDSNB first argues that it is entitled to sovereign immunity from Plaintiffs' FLSA claims because it is an arm of the State of South Carolina and it receives most of its funding from the State of South Carolina and "any damages awarded would affect the state of South Carolina's treasury." (ECF No. 9-1 at 4 (quoting Hedberg v. Darlington Cnty. Disabilities & Special Needs Bd., No. 95-3049, 1997 WL 787164, at *2 (4th Cir. Dec. 24, 1997)).) In support of its argument, OCDSNB asserts that "[t]he United States District Court for the District of South Carolina has held on at least two other occasions that county disabilities and special needs boards are arms of the state and thereby entitled to sovereign immunity since they are established by and receive most of their funding from the state." (Id. (citing Neely v. York Cnty. Disabilities & Special Needs Bd., C/A No. 0:07-3338-CMC-JRM, 2009 WL 822542, at *8, (D.S.C. Feb. 23, 2009); Whitaker v. Chester-Lancaster DSN, C/A No. 005-2708-MJP, 2006 WL 2997343, at *5 (D.S.C. Oct. 17, 2006)).) Moreover, OCDSNB asserts that there is no evidence in the record that it has waived its sovereign immunity under either the regulated activity theory or the exacted consent theory, the two (2) theories of waiver recognized by the Fourth Circuit. (ECF No. 20 at 1–2 (citing, e.g., Edelman v. Jordan, 415 U.S. 651, 673 (1974) ("A state waives its sovereign immunity only where the waiver is 'stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction.'") (quoting Murray v. Wilson Distilling Co., 213 U.S. 151, 171 (1909)); Abril v.

7

Commonwealth of Va., 145 F.3d 182, 189 (4th Cir. 1998) ("Specifically, the employees invoke two theories of implied waiver/consent: (1) waiver by operating these facilities after Congress had first extended FLSA coverage to state employees, then clearly stated its intent in the 1974 FLSA amendments that the Commonwealth's employees should be able to sue it on FLSA claims in federal court ("regulated activity" theory); and (2) waiver by participating in federally-funded programs as to which Congress had expressly conditioned participation on the state's consenting to suit in federal court ("exacted consent" theory).")).)

OCDSNB next argues that Plaintiffs' claim alleging violation of the SCPWA should be dismissed because it is preempted by the FLSA. (ECF No. 9-1 at 5 (citing, e.g., Nimmons v. RBC Ins. Holdings (USA) Inc., C/A No. 6:07-cv-2637, 2007 WL 4571179, at *2 (D.S.C. Dec. 27, 2007) ("[T]he exclusive remedies available to an employee to enforce legal rights created by the FLSA are the statutory remedies provided therein.")).) In this regard, OCDSNB asserts that although its immunity from suit precludes Plaintiffs' from recovering under the FLSA, this situation "does not alter the fact that the FLSA preempts the SCPWA." (Id. at 6 n.2 (citing Pretlow v. Garrison, 420 F. App'x 798, 803 (10th Cir. Mar. 22, 2011) ("the fact that the FTCA ultimately provides no remedy for Mr. Pretlow's defamation claim does not alter the fact that the FTCA displaces any other tort remedies he may be attempting to invoke.") (citing United States v. Smith, 499 U.S. 160, 165 (1991)); ECF No. 20 at 4–5 (citing Gilliland v. Bd. of Educ. of Charles Cnty., 526 F. App'x 243 (4th Cir. Apr. 26, 2013) (reversing the district court's denial of the defendant's motion to dismiss the FLSA claim on grounds of sovereign immunity and remanding "for entry of judgment in favor of the [defendant]")).)

   2. *Plaintiffs*

In opposing OCDSNB's Motion to Dismiss, Plaintiffs assert that not only does the FLSA

8

give an employee a cause of action against a state public agency (citing 29 U.S.C. §§ 203(d), 203(e)(2)(C) & 216(b)), but the Fourth Circuit specifically recognizes that sovereign immunity can be waived using the exacted consent theory and the regulated activity theory.  (ECF No. 19 at 5–6 (citing Abril, 145 F.3d at 184–86).)  However, unlike the plaintiffs in Abril, Plaintiffs assert that they have made a "colorable showing of [OCDSNB's] waiver" through exhibits that establish OCDSNB's heavy dependence on federal funding and agreement to comply with federal law as a condition to receive federal funding.  (Id. at 6–7 (referencing ECF Nos. 19-1–19-5).)  Therefore, Plaintiffs ask the court to allow them to examine the waiver issue through discovery "with Defendant having the right to renew the issue of sovereign immunity once discovery is completed."  (Id. at 8.)

In response to OCDSNB's preemption argument, Plaintiffs agree that the SCPWA is preempted by the FLSA, but nevertheless argue that their SCPWA claim should not be dismissed because it is pleaded as an alternative theory, which is specifically authorized by Fed. R. Civ. P. 8(a)(3).  (Id. at 8.)  Therefore, because they have stated allegations sufficient to state a plausible claim for violation of the SCPWA, Plaintiffs argue that they should be allowed to proceed forward on this alternative theory of recovery.  (Id. at 8–9.)

B.    The Court's Review

OCDSNB argues that it is entitled to dismissal of Plaintiffs' FLSA claim because the cause of action is barred by Eleventh Amendment sovereign immunity.  (ECF No. 9-1 at 1.) OCDSNB further argues that 95% of its funding is from state appropriations and this court has routinely held that "county disabilities and special needs boards are arms of the state and thereby entitled to sovereign immunity since they are established by and receive most of their funding from the state."  (Id. at 4 (citations omitted); see also ECF No. 9-2 at 2 ¶ 3.)

9

In considering the merits of OCDSNB's Motion to Dismiss Plaintiffs' FLSA claim, the court notes that recent Fourth Circuit case law supports the proposition that a motion to dismiss pursuant to Rules 12(b)(1) or 12(b)(6) may not be the appropriate vehicle through which a defendant should assert Eleventh Amendment sovereign immunity.  See United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency, 745 F.3d 131, 147–48 (4th Cir. 2014) (Traxler, C.J., concurring in part and dissenting in part) ("Although this court has not addressed the issue, the circuits that have considered similar assertions of arm-of-state status have uniformly concluded that it is an affirmative defense to be raised and established by the entity claiming to be an arm of the state. See Sung Park v. Ind. Univ. Sch. of Dentistry, 692 F.3d 828, 830 (7th Cir. 2012) ("[S]overeign immunity is a waivable affirmative defense."); Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("Eleventh Amendment immunity is an affirmative defense . . . ." (internal quotation marks omitted)); Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 237–39 (2d Cir. 2006) (treating Eleventh Amendment immunity "as akin to an affirmative defense"); . . . .  I believe these decisions were correctly decided and that the arm-of-state issue . . . is an affirmative defense . . . . "[a]n[d such]  affirmative defense may provide the basis for a Rule 12(b)(6) dismissal only in the relatively rare circumstances . . . where all facts necessary to the affirmative defense clearly appear on the face of the complaint.") (emphasis in original) (internal citation and quotation marks omitted).)   Notwithstanding the cases cited by OCDSNB, the court is convinced that United States ex. rel. Oberg offers better guidance as to how the court should adjudicate an Eleventh Amendment inquiry.  In this regard, the court finds that outside of the assertion by OCDSNB's counsel that a monetary judgment against it would be paid by state funds (see ECF No. 9-1 at 5), there is insufficient evidence in the record to establish the Immunity Factors requisite to grant OCDSNB sovereign immunity.

Based on this lack of evidence, the court is inclined to deny OCDSNB's Motion to Dismiss and allow the parties to engage in discovery on all relevant issues.

However, as to OCDSNB's Motion to Dismiss Plaintiffs' SCPWA claim, the court finds that Plaintiffs' cause of action alleging violation of the SCPWA is preempted by the FLSA and should be dismissed.  See, e.g., Anderson v. Sara Lee Corp., 508 F.3d 181, 194 (4th Cir. 2007) ("[W]e must hold today that Congress prescribed exclusive remedies in the FLSA for violations of its mandates . . . . Our conclusion is consistent with the rulings of several district courts deeming state claims to be preempted by the FLSA where those claims have merely duplicated FLSA claims.") (citations omitted); Rodall v. City of Columbia, C/A No. 3:13-207-CMC-PJG, 2015 WL 178112, at *13 (D.S.C. Jan. 14, 2015) ("Additionally, despite Rodall's contention to the contrary, the claims he purports to assert under the South Carolina Payment of Wages Act are preempted by the FLSA or are otherwise unavailable under that Act."); Nimmons v. RBC Ins. Holdings (USA), Inc., C/A No. 07-2637, 2007 WL 4571179, at *2 (D.S.C. Dec.27, 2007) ("The foregoing authorities compel the conclusion that Plaintiff's state law claims are not viable and should be dismissed as duplicative of the rights and remedies available under the FLSA.  The FLSA clearly creates a substantive right to overtime pay, prohibits retaliation, and provides remedies for infringement of those rights.  Thus, South Carolina and federal case law dictate that Plaintiff is limited to her statutory remedies under the FLSA.")

## IV.     CONCLUSION

For the reasons set forth above, the court hereby **DENIES** Defendant Orangeburg County Disabilities and Special Needs Board's Motion to Dismiss as to Plaintiffs' claim asserting a violation of the FLSA and **GRANTS** Defendant's Motion to Dismiss as to Plaintiffs' claim asserting a violation of the SCPWA.  (ECF No. 9.)

In consideration of the foregoing, discovery regarding any and all relevant issues should proceed in accordance with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 29, 2015
Columbia, South Carolina

12