# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Maliaka S. Void and Frederick Summers,<br><br>　　　　　　　　　　　　Plaintiffs,<br>v.<br><br>Orangeburg County Disabilities<br>and Special Needs Board,<br><br>　　　　　　　　　　　　Defendant. | Civil Action<br>No. 5:14-cv-02157-JMC<br><br>**ORDER AND OPINION** |

Plaintiffs Maliaka S. Void ("Void") and Frederick Summers ("Summers") (collectively "Plaintiffs") filed this action against their employer, Defendant Orangeburg County Disabilities and Special Needs Board ("Defendant"), alleging violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219.[1] (ECF No. 1-1.)

This matter is before the court on Defendant's Motion to Dismiss and/or for Summary Judgment pursuant to Federal Rules of Civil Procedure 37, 41(b) and 56, on the grounds that: (1) Plaintiffs have failed to prosecute this action, causing Defendants to incur unnecessary fees and costs and (2) Plaintiffs have failed to present genuine issues of material fact upon which their claims are based. (ECF No. 38.) Plaintiffs oppose the Motion to Dismiss and/or for Summary Judgment. (ECF No. 44.) For the reasons set forth below, the court **DENIES** Defendant's Motion to Dismiss and/or for Summary Judgment.

## I.　　RELEVANT BACKGROUND TO PENDING MOTION

Defendant "is the administrative, planning, coordinating, and service delivery body" for Orangeburg County, South Carolina citizens with "disabilities and special needs," including

---

[1] Plaintiff's second claim for relief was dismissed by order of this court. (*See* ECF No. 34.)

1

those with "mental retardation, related disabilities, head injuries, and spinal cord injuries." (ECF No. 9-1 at 1–2 (quoting S.C. Code Ann. § 44-20-385 (2014); citing *Hedberg v. Darlington Cnty. Disabilities & Special Needs Bd.*, No. 95-3049, 1997 WL 787164, at *1 n.1 (4th Cir. Dec. 24, 1997)).) Plaintiffs are hourly employees of Defendant. (ECF No. 1-1 at 5 ¶ 15.)

On or about May 2, 2014, Plaintiffs filed an action seeking monetary damages for alleged violations of the FLSA. (*Id*. at 4–7.) This matter is currently in its third amended conference and scheduling order. (ECF No. 33.) Defendant filed a Motion to Dismiss and/or for Summary Judgment and Memorandum in Support pursuant to Federal Rules of Civil Procedure 37, 41(b) and 56 on April 2, 2015. (ECF Nos. 38, 38-1.) In response to Defendant's Motion to Dismiss and/or for Summary Judgment, Plaintiffs filed a Response on April 27, 2015, to which Defendant filed a Reply on May 7, 2015. (ECF Nos. 44, 50.)

## II.     JURISDICTION

This court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs allege violations of federal laws and regulations.

## III.     LEGAL STANDARD

### A.     Dismissal for Failure to Prosecute

Federal courts have the authority to dismiss a plaintiff's action with prejudice because of his or her failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). "Rule 41(b) of the Federal Rules of Civil Procedure provides an explicit basis for this sanction." *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991); *see* Fed. R. Civ. P. 41(b). To determine whether dismissal for failure to prosecute constitutes an appropriate sanction, courts must consider four factors: "(1) the plaintiffs degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory

fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990) (*citing Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989)).

Similarly, Fed. R. Civ. P. 37 ("Rule 37") permits a court to impose sanctions upon motion when "a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Available sanctions include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3). In considering whether to impose sanctions pursuant to Rule 37, the court must determine "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte–Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (citing *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998)).

"The legal standard for dismissals under Rule 37 is virtually the same as that for dismissals for failure to prosecute under Rule 41." *See Clatterbuck v. Charlottesville*, 3:11CV00043, 2013 WL 4929519, at *3 (W.D. Va. Sept. 12, 2013) (noting that the standard for imposing dismissal as a sanction under Fed. R. Civ. P. 37 (d)(1)(A)(ii) is virtually the same as that for dismissal for failure to prosecute under Rule 41).

**B.     Summary Judgment**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242,

3

248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995). A party cannot create a genuine issue of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge. *See Latif v. Cmty. Coll. of Balt.*, No. 08-2023, 2009 WL 4643890, at *2 (4th Cir. Dec. 9, 2009).

## IV.     THE PARTIES' ARGUMENTS

**A.     Defendant's Motions**

In the Motion to Dismiss and/or for Summary Judgment pursuant to Federal Rules of Civil Procedure 37, 41(b) and 56, Defendant moves for a dismissal of this case based on Plaintiff's failure to prosecute. (ECF No. 38-1 at 6.) In support of the Motion, Defendant asserts that Plaintiffs failed to attend their depositions and did not attempt to cancel or reschedule them.

(*Id*. at 6–7.) Defendant further alleges Plaintiffs were fully responsible for their failure to show for the depositions and that Plaintiffs have a history of proceeding in a dilatory manner. (*Id*. at 7.) Lastly, Defendants argue that they have been prejudiced and less drastic sanctions are unavailable. (*Id*. at 7–8.) Additionally, Defendant alleges that Plaintiff has brought suit without any evidence to support the claim. (*Id*. at 9.) Finally, Defendant re-alleges they are immune from Plaintiff's FLSA claim pursuant to the doctrine of sovereign immunity. (*Id*. at 10.)

**B.      Plaintiffs' Response**

Plaintiffs' Response asserts that the docket sheet is evidence of their active pursuit of litigation. (ECF No. 44 at 7–8.) As to the Motion for Summary Judgment, Plaintiffs highlight various aspects of the evidence, arguing that the wage records attached to Defendant's Motion (ECF No. 38-4) create a genuine issue of material fact. (*Id*. at 9–12.)

## V.      ANALYSIS

**A.      Motion to Dismiss for Failure to Prosecute**

Defendant argues that Plaintiffs' failure to cooperate in discovery procedures warrants a dismissal of the Complaint for failure to prosecute. (ECF No. 38-1 at 6.) The court does not agree. An analysis of the *Hillig* factors follows.

As to the first factor, though Plaintiffs are not *pro se* litigants, they are personally responsible for missing the deposition that was scheduled for March 12, 2015. Plaintiff Void spoke with her attorney two days prior to the scheduled deposition and knew of the date and offers no other explanation as to why she missed the deposition except confusion of the dates. (*Id*. at 7.) Plaintiff Summers offers no explanation as to why he missed the deposition.

The second factor is decided in Defendant's favor. The court finds Defendant is prejudiced by Plaintiffs' failure to show for their depositions.

As to the third factor, the court observes that there has not been any period of prolonged inactivity in the case. The docket shows that both parties have been and continue to be active in the litigation of this case. Significant time between filings with the court are not uncommon during the discovery period and do not constitute a failure to take action within a reasonable time. Further, when Defendant did reach out to Plaintiffs looking for supplemental answers to interrogatories, Plaintiffs stated that the responses could not be supplemented further. (ECF No. 38-1 at 2.) A response stating that there is no new information is still a response, though it may not be the one Defendant wished. Additionally, both parties have been timely in their filings and requested extensions when necessary.

Finally, as to the fourth *Hillig* factor, this court considers the availability of less drastic sanctions. Dismissal for party noncompliance is reserved for "the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for authority of the district court and the Rules." *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989). That does not describe the instant case. Plaintiffs have been responsive to Defendant for the duration of this action. Plaintiffs' action in filing a Response to this matter suggest they wish to continue with the litigation. Further, there is no evidence to suggest that Plaintiffs have acted with bad faith.

Upon consideration of the facts and circumstances presented herein, the court finds dismissal too harsh a remedy and concludes that Defendant is not entitled to dismissal of this case based on Plaintiffs' failure to prosecute this action. In this regard, the court finds that the conduct of neither Plaintiff has been so egregious as to warrant the ultimate dismissal of the action. However, Plaintiffs are directed to participate in the taking of their depositions should Defendants attempt to do so again.

**B.      Motion for Summary Judgment**

Defendant states that it did not have the burden or need to produce evidence, yet Defendant produced the wage records. These records compose the evidence that the court must view in the light most favorable to Plaintiffs. Plaintiffs use this evidence to set forth specific facts. (ECF No. 44 at 11.) Defendant is correct in its response to three of the four entries in regard to their interpretation of the wage records. (ECF No. 50 at 5-6.) However, the various discrepancies in the wage records are of concern. It appears Plaintiff Summers worked 104.50 hours in a workweek composed of a 40 hour period where 91.50 hours were paid at the regular rate and 13.00 hours were compensated at the overtime rate of time and a half. (ECF No. 38-4 at 3.) In that entry referencing Plaintiff Summers' hours and payment, Defendant asserts it is work for a two week period. (ECF No. 50 at 5.) Plaintiff is correct in stating that "[e]ven if the employee [sic] claims that this entry was for a 2 weeks [sic] period it still would be a violation because anything over the 40 hours per week (80.00 hours for two week, but 40.00 per week) must be paid the overtime wages." (ECF No. 44 at 11.) Defendant responds that subsequent entries make up for the 11.50 unidentified overtime hours where later Plaintiff Summers was paid overtime even where he worked less than 40 hours in a given workweek. (ECF 50 at 5.)

Variances like this are seen throughout the wage records. Normally, overtime pay is calculated by workweek. Defendant provides no affidavit or testimony with an explanation of Defendant's method of calculation. Without such evidence in the record, it is possible that reasonable jurors could find in favor of Plaintiffs. The court will not speculate as to the interpretation of the wage records and why some overtime hours are not calculated in their respective workweeks. The court finds that the evidence of record amounts to a genuine issue of material fact.

7

**C.     Eleventh Amendment – Sovereign Immunity**

This court has previously determined that Defendant has not met the Fourth Circuit's Immunity Factors as set forth in *S.C. Dept. of Disabilities and Special Needs v. Hoover Univ. Inc.*.[2] (ECF No. 34 at 10-11.) In its Motion, Defendant reiterates previously asserted conclusions with no further support. Therefore, the court denies this Motion on the same grounds. (*Id.*)

## VI.     CONCLUSION

For the foregoing reasons, the court **DENIES** Defendant's Motion to Dismiss and/or for Summary Judgment pursuant to Federal Rules of Civil Procedure 37, 41(b) and 56 (ECF No. 38).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 8, 2015
Columbia, South Carolina

---

[2] The Immunity Factors are: (1) whether any judgment against the entity as plaintiff will inure to the benefit of the State; (2) the degree of autonomy exercised by the entity, including such circumstances as who appoints the entity's directors or officers, who funds the entity, and whether the State retains a veto over the entity's actions; (3) whether the entity is involved with State concerns as distinct from non-state concerns, including local concerns; and (4) how the entity is treated under state law, such as whether the entity's relationship with the State is sufficiently close to make the entity an arm of the State. *S.C. Dept. of Disabilities and Special Needs*, 535 F.3d 300, 303 (4th Cir. 2008).